IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL LOPEZ and DAMANY BROWNE,<br><br>Plaintiffs,<br><br>v.<br><br>ZARBEE'S, INC.,<br><br>Defendant. | Case No. 22-cv-04465-CRB<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

Defendant Zarbee's Inc. has moved for summary judgment as to Plaintiff Damany Browne's claims. MSJ (dkt. 63). Zarbee's argues that because Browne's testimony proves that he received the benefit of his bargain, Browne has failed to demonstrate injury, both for the purposes of Article III standing and to state a claim. Id. The Court disagrees.

Browne's testimony that Zarbee's melatonin gummies helped his son sleep, and that Browne did not observe any negative side effects in his son, see MSJ at 6 (citing Browne Tr. of 8/9/23 at 22–24, 69, 96–97, 147–48), is not dispositive. Browne also testified that it was important to him to "get the accurate dosage to give to [his] son, recommended by [his] doctor]," that because melatonin can "alter brain chemistry," he is now "fearful about [his] son's health," and that he "wouldn't have bought [Zarbee's product] if he knew" the "truth about Zarbee's dosing." See Opp'n (dkt. 65) at 4–5 (citing Browne Tr. of 8/9/23 at 361, 262, 266). This testimony is sufficient to support Browne's claim of economic injury. See Brazil v. Dole Food Co., Inc., 935 F. Supp. 2d 947, 962 (N.D. Cal. 2013) (collecting cases in this district recognizing injury in fact where plaintiffs alleged they spent money on mislabeled products they would not have purchased).

Browne's testimony that he did not keep the gummies bottles he purchased, or record their lot numbers, see Mot. at 13 (citing Browne Tr. of 8/9/23 at 111–13, 115–22, 129), also is not dispositive. As the Court recently explained in its other melatonin case (in which Browne is also a party):

> A later stage of the case will require Plaintiffs to demonstrate that they suffered a particularized and concrete injury based on Olly's mislabeling. That might be difficult. See Reply (dkt. 67) at 6 ("Bacus and Browne were the parties with 'unique access' to information that would support their allegations: the bottles of Olly they purchased. They fully consumed and then threw out evidence that could potentially prove their claims or allow them to make sufficient allegations of injury."). On the other hand, it might not be difficult—if, for example, the evidence demonstrates that, as alleged, all of Olly's products are overdosed. Incidentally, Plaintiffs contend that all of this information is already in Olly's possession. See TAC ¶ 45 ("Olly's own data will confirm that Olly's accused melatonin products have an unreasonable excess of melatonin. Supplement manufacturers are required to test the dietary supplements they sell for compliance with the FDA's regulations. . . . Manufacturers like Olly must retain the date from these tests.").

Order Denying Motion to Dismiss Third Amended Complaint (dkt. 75) at 6–7 in Murphy v. Olly Public Benefit Corp., Case No. 22-cv-3760-CRB. The parties in this case entered into a phased discovery agreement, and Phase 2, which has not yet occurred, involves discovery on the parties' testing results. See Joint Stipulation and Order (dkt. 49) ¶ 4; see also id. ¶ 6 ("plaintiffs retain the right to argue that any of the issues raised cannot be properly resolved until Phase 2 discovery is taken from Zarbee's."); see also Jacobson Decl. (dkt. 65-2) ¶ 6 ("Plaintiffs expect that discovery from Zarbee's (along with expert discovery) will show that all accused bottles—including Mr. Browne's bottle—have the same overage, and that this overage is unreasonable."). Once Phase 2 has occurred, it should become clear whether Browne's failure to retain his gummies bottles or record their lot numbers makes it impossible for him to demonstrate injury.

Because the Court concludes that Browne's testimony does not demonstrate at this

//

//

2

point that he cannot show an injury from Zarbee's product, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 2, 2023



CHARLES R. BREYER
United States District Judge

3